**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **IN RE**: | ) Case No: 17-36602 |
| | ) |
| Beata Grzesik | ) Chapter 13 |
| | ) |
| Debtor. | ) Judge LaShonda A. Hunt |

| | |
|---|---|
| ERIC KASANG and CHRISTINA KASANG, | ) ) ) |
| Plaintiffs, | ) Adversary Case No. _____ |
| | ) |
| v. | ) |
| | ) |
| BEATA GRZESIK, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE**

Plaintiffs-Creditors Eric and Christina Kasang, for their Complaint against defendant-debtor Beata Grzesik, state as follows:

**THE PARTIES**

1. Plaintiffs Eric and Christina Kasang are residents of Cook County at 360 Grove in Lombard IL, and both are judgment creditors of the debtor.

2. Defendant Beata Grzesik is the debtor in the above-captioned case and is a resident of 1061 Carpenter Ct, Elk Grove Village IL.

**JURISDICTION**

3. On December 11, 2017, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 13 of Title 11 of the United States Code (the

1

"Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. Debtor has not been discharged from her debts. This Complaint is being filed before the expiration of filing adversary complaints after March 12, 2018.

6. This is an adversary proceeding in which the plaintiff-creditors are objecting to the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A) and is seeking a determination as to the dischargeability of the debt owed by the Debtor to plaintiff under Bankruptcy Code § § 523(a)(2)(A).

7. Plaintiffs are creditors against debtor pursuant to the judgments attached as Exhibit 1 and Exhibit 2.

## THE ILLINOIS LAWSUIT

8. Plaintiffs sued defendant in Cook County Chancery Court in case number 13 CH 19477.

9. On July 18, 2016, the Court entered its Memorandum Judgment and Order in favor of plaintiffs and against defendant as shown in Exhibit 1 on a Count I under the Illinois Consumer Fraud Act and under a Count II for Common Law Fraud. In Count I, the Court held that the defendant committed consumer fraud through a deceptive act and granted judgment to the plaintiffs for a total of $403,960. In Count II, the Court held that the defendant committed fraud through a false

statement of material fact and again granted judgment to the plaintiffs for a total of $403,960.

10. On October 27, 2016, the Court issued a final judgment in favor of plaintiffs against defendants for an additional $93,613 in fees pursuant to the Consumer Fraud for a total final judgment against defendant-debtor in the amount of $497,553.

11. This final judgment has been appealed and fully briefed, and is awaiting decision in the Illinois Appellate Court in case no 16-3100 First District at any moment.

12. Any payments by defendant to plaintiffs on the judgment debt is less than additional amounts owed by defendant pursuant to Illinois statutory 9% post-judgment interest owed by defendant on the 2016 judgments until the present.

## COUNT I

13. Plaintiffs repeat and reallege paragraphs 1 through 12 above as though fully set forth herein.

14. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-- (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -- (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

15. All or part of the debt owed to plaintiffs, as evidenced by the Memorandum Opinion and Judgments entered against the Debtor, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of

credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

16. Consequently, the Debtor's judgment debt of $497,553 to Plaintiffs is one for money, property, or services obtained by false pretenses, false representations, or actual fraud, and is excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiffs respectfully request that this Court determine that defendant's judgment debt of $497,553 to Plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), and for such other relief as the Court deems just and proper.

Respectfully submitted,

By:_/s/ Michael Steigmann_____

Michael Steigmann
190 S. LaSalle St.  Suite 2100
Chicago, Illinois 60603
(312) 833-5945
ARDC: 6226169